SLR:EB:CSK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against –

NORMAN CHANES,

            Defendant.

- - - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★      ⌐JUL   8 2005      ★

P.M. _____
TIME A.M.

PRELIMINARY ORDER
OF FORFEITURE

03 CR 304 (S-6)

WHEREAS, on February 10, 2005, the defendant NORMAN CHANES ("CHANES" or "Defendant") pled guilty to Counts Three, Six, Seven, and Eight of the above-captioned Indictment insofar as it charges the Defendant with violations of 18 U.S.C. §§ 371 and 1343, and the Government sought criminal forfeiture of property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in Counts Three and Six, or in the alternative, substitute assets of the Defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, Defendant has agreed to the entry of an Order of Forfeiture against him in the amount of Eighteen Million Dollars ($18,000,000), which constitutes property involved in the offenses charged ,in Counts Three and Six of the Indictment, or property traceable to such property, and/or substitute property; and

WHEREAS, by virtue of the Defendant having pled guilty to Counts Three and Six of the Indictment and waived all his constitutional, legal and equitable defenses and rights to the

forfeiture allegations of the Indictment, the United States is now entitled to the money judgment amount of $18 million pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows, on consent of all parties, as follows:

1.    The Defendant NORMAN CHANES consents to the entry of a forfeiture money judgment against him in favor of the United States in the amount of $18 million (the "Forfeiture Money Judgment") which sum represents property involved in the offenses in violation of 18 U.S.C. § 371, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

2.    Based upon the guilty plea which has been accepted by this Court, and in accordance with the Defendant's cooperation agreement, the Defendant shall pay the Forfeiture Money Judgment as follows: the defendant shall pay $2 million toward the satisfaction of the Forfeiture Money Judgment by March 31, 2005; an additional $7 million toward the Forfeiture Money Judgment by September 30, 2005; an additional $3 million by February 28, 2006; and the $6 million remainder by June 30, 2006.

3.    In partial satisfaction of the Forfeiture Money Judgment, the Defendant further agrees to forfeit all right, title

and interest in the following property subject to the Post-Indictment Pre-trial Restraining Order issued by the Honorable Carol Bagley Amon on July 9, 2004:

> (1) all funds in Sterling National Bank account number 313-2498-01 held in the name of Harvest Advertising, Inc.;
>
> (2) all funds in Sterling National Bank account number 313-2498-16 held in the name of Harvest Advertising, Inc.;
>
> (3) all funds in Sterling National Bank account number 380-08274-16 held in the name of Harvest Advertising, Inc.;
>
> (4) all funds in Sterling National Bank account number 380-17721-01 held in the name of Harvest Advertising, Inc.; and
>
> (5) all funds in Sterling National Bank account number 380-03207-16 held in the name of Harvest Advertising, Inc.

(collectively the "Harvest accounts"). All funds in the Harvest accounts shall be counted toward the Defendant's Forfeiture Money Judgment.

3.    The Defendant agrees not to assert any claim, contest or assist any person to contest the Government's collection of the Forfeiture Money Judgment or substitute property in any administrative or judicial proceeding. The Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets, and waives his right to any required notice concerning the forfeiture of assets, and waives all constitutional, legal and equitable defenses to the entry and collection of the Forfeiture

Money Judgment including but not limited to, double jeopardy, any applicable statute of limitation, and any defense under the Ex Post Facto or Excessive Fines Clauses of the United States Constitution. The Defendant also agrees that the forfeiture of the Forfeiture Money Judgment shall not constitute a fine.

4.     In accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(n)(1), the United States Marshals Service shall publish notice of this Order and of the intent to dispose of the forfeitable property in such a manner as the United States Marshals Service may direct.  Such notice shall be published in accordance with the custom and practice in this district, in a newspaper of general circulation, and shall provide notice that any person, other than the Defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the final publication of notice or receipt of actual notice, whichever is earlier.  Any notice filed by any petitioner must state the validity of petitioner's alleged interest in the property, must be signed by petitioner under penalty of perjury, and must set forth the nature and extent of petitioner's right, title and interest in the property, and any additional facts supporting such petition.

5.     The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the property subject to this Preliminary Order

of Forfeiture, as a substitute for published notice as to those persons so notified.

6.  Following the disposition of all petitions filed, or if no such petitions are filed within the applicable period, the United States shall have clear title to the properties described above.

7.    In accordance with Fed. R. Crim. P. 32.2(c)(1)(B), the Government is hereby authorized to conduct discovery necessary to help identify, locate or dispose of property, and to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of any third parties.

8.    The United States Marshals Service and its duly authorized agents and/or contractors are hereby authorized and directed to dispose of all payments made toward the Forfeiture Money Judgment in accordance with all law and regulations.

9.    This Preliminary Order shall be final and binding only upon the Court's "so ordering" of the order.

10.    The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

11.    The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this Preliminary Order of Forfeiture to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New

York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
    June     , 2005

/S/ HON. CAROL B. AMON
HONORABLE CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE

Criminal Action No. 03-304 (S-6)

UNITED STATES DISTRICT COURT
Eastern District of New York

UNITED STATES OF AMERICA,

- against -

NORMAN CHANES,

Defendant.

PRELIMINARY ORDER OF FORFEITURE

ROSLYNN R. MAUSKOPF
United States Attorney,
Attorney for United States of America
Office and Post Office Address,
United States Courthouse
One Pierrepont Plaza
Brooklyn, New York 11201

Dated: _____, 20___

Due service of a copy of the within _____ is hereby admitted.

Dated: _____, 20___

Attorney for __United States of America__
CLAIRE KEDESHIAN, AUSA
(718) 254-6051

---

SIR:

**PLEASE TAKE NOTICE** that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the **UNITED STATES DISTRICT COURT U.S. Courthouse,** 225 Cadman Plaza East, **EASTERN DISTRICT OF NEW YORK**

Brooklyn, New York, on the _____ day of _____. 20___, at 10:30 o'clock in the forenoon.

Dated: Brooklyn New York,

_____, 20___

_____
United States Attorney,
Attorney for _____

To:

Attorney for _____

SIR:

**PLEASE TAKE NOTICE** that the within is a true copy of _____ duly entered herein on the _____ day of _____ in the office of the Clerk of the Eastern District of New York,

Dated: Brooklyn, New York

_____
United States Attorney,
Attorney for _____

To:

Attorney for _____